IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHNNY RODRIGUEZ,

    Petitioner,               No. CIV S-08-1217 GEB KJM P

    vs.

T. FELKER,                            <u>ORDER</u>

    Respondent.          <u>FINDINGS AND RECOMMENDATIONS</u>

                            /

        Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On June 17, 2008, the court recommend that this action be dismissed because it appeared that petitioner's habeas petition is successive and, therefore, petitioner had to obtain permission from the Ninth Circuit Court of Appeals to proceed. On July 7, 2008, petitioner informed the court that his petition is not successive. Therefore, the court will vacate the June 17, 2008 findings and recommendations.

        Petitioner has filed a request for leave to proceed in forma pauperis. Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. Accordingly, the application to proceed in forma pauperis will be granted. <u>See</u> 28 U.S.C. § 1915(a).

/////

1

1  The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must be waived explicitly by respondent's counsel. 28 U.S.C. § 2254(b)(3). A waiver of exhaustion, thus, may not be implied or inferred. A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1986).

After reviewing the petition for habeas corpus, the court finds that petitioner has failed to exhaust state court remedies. See Pet. at 3-5. The claims have not been presented to the California Supreme Court. Further, there is no allegation that state court remedies are no longer available to petitioner. Accordingly, the petition should be dismissed without prejudice.[1]

In accordance with the above, IT IS HEREBY ORDERED that:

1. The court's June 17, 2008 recommendation that this action be dismissed is vacated;

2. Petitioner's request for leave to proceed in forma pauperis is granted; and

3. The Clerk of the Court is directed to serve a copy of these findings and recommendations together with a copy of the petition filed in the instant case on the Attorney General of the State of California.

IT IS HEREBY RECOMMENDED that this action be dismissed without prejudice for petitioner's failure to exhaust state court remedies with respect to his claims.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty

---

[1] Petitioner is cautioned that the habeas corpus statute imposes a one year statute of limitations for filing non-capital habeas corpus petitions in federal court. In most cases, the one year period will start to run on the date on which the state court judgment became final by the conclusion of direct review or the expiration of time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending. 28 U.S.C. § 2244(d).

1 days after being served with these findings and recommendations, any party may file written
2 objections with the court and serve a copy on all parties.  Such a document should be captioned
3 "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
4 shall be served and filed within ten days after service of the objections.  The parties are advised
5 that failure to file objections within the specified time may waive the right to appeal the District
6 Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

7 DATED:  October 30, 2008.

_____
U.S. MAGISTRATE JUDGE

1
rodr1217.103

3